WOOD NIEBUHR & CO. *v.* UNITED STATES

**No. 4982.**—Invoices dated Antwerp, Belgium, December 6, 1937, etc. Entered at New York, December 22, 1937, etc. Entry Nos. 793889, etc.

(Decided July 11, 1940)

*Isaac Heller* for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.

CLINE, Judge: These three appeals for reappraisement were consolidated for trial and it was agreed between counsel that the record in *William J. Oberle, Inc. (Blumenthal Print Works)* v. *United States*, 2 Cust. Ct. 966, Reap. Dec. 4582, be incorporated and made a part of the record in these cases.

An examination of the invoices in the cases herein involved shows that the merchandise under appraisement consists of cotton damask ticking imported from Belgium and that the importer added on entry to meet advances made by the appraiser in other cases which were pending reappraisement. The goods were appraised at the entered values.

The record incorporated shows that the only question involved was whether the ticking should be appraised at the United States value, in accordance with the finding of the appraiser, or at the export value, as claimed by the importer, it being agreed that if the court found that the goods should be appraised at the foreign value, the invoice values

were the dutiable values, and, if the merchandise should be appraised at the United States values, the appraised values were the proper dutiable values. There were about twenty different qualities of ticking covered by the evidence and about fifty different patterns. The court held that all of the merchandise should be appraised at the export value thereof except quality "Queen Astride", which the court appraised at the United States value.

The quality "Queen Astride" is not included in the shipment covered by the instant appeals. Therefore, all the goods here under appraisement are of the qualities which the court held should be appraised at the export values thereof.

In harmony with the decision cited, I find from the record that the unit invoice values in these cases represent the values at the time of exportation of the merchandise at which the goods were freely offered for sale in the usual wholesale quantities in the principal markets of Belgium in the ordinary course of trade for exportation to the United States and that the merchandise had no foreign value. I hold that the proper basis for appraisement is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that the unit invoice prices, which including the packing, are the export values and the proper dutiable values of the merchandise. Judgment will be entered accordingly.